IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LESTER JOHN SUNDSMO,

                       Plaintiff,

    v.

DANIEL GARRIGAN, a.k.a. d.b.a. DANIEL
GARRIGAN and all Marital Relations,

    And

DENNIS GARRIGAN, a.k.a. d.b.a. DENNIS
GARRIGAN and all Marital Relations,

    And

JOHN F. ACCARDO, a.k.a. d.b.a. JOHN F.
ACCARDO and all Marital Relations,
d.b.a. WISCONSIN DEPARTMENT OF
JUSTICE DIVISION OF CRIMINAL
INVESTIGATION,

ALAN J. WHITE a.k.a. d.b.a. ALAN
J. WHITE and all Marital Relations,

    And

GARY FREYBERG a.k.a. d.b.a. GARY
FREYBERG  and all Marital Relations,

    And

ROY R. KORTE a.k.a. d.b.a. ROY R.
KORTE and all Marital Relations,
d.b.a. ASSISTANT ATTORNEY GENERAL
STATE OF WISCONSIN

ORDER

13-cv-682-bbc

1

    And

JOHN DOES #1, #2, #3, #4,#5
and all Marital Relations,

    And

JOHN DOES/JANE DOES etc., #6-200?,
et al. and all Marital Relations,

    And

COUNTY OF COLUMBIA
COMMISSIONERS
and all Marital Relations.
a.k.a. d.b.a. COUNTY OF COLUMBIA
INC. In their individual capacity
d.b.a. Carl C. Fredrick Administration Bld.,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff Lester John Sundsmo brings this action against various state of Wisconsin law enforcement and judicial officials. Although plaintiff's complaint is difficult to decipher, I understand him to be bringing claims for the taking of real estate without proper compensation, retaliation against him for refusing to relinquish his property, illegal search, false arrest and malicious prosecution.

    Now before the court is plaintiff's motion for a temporary restraining order against non-party Sauk County Sheriff's Department (plaintiff states that Sauk County is a party but it is not listed as a defendant in the case). Again, this motion is somewhat difficult to decipher, but I understand plaintiff to be saying that his son was arrested by Sauk County deputies and is facing false charges as part of a conspiracy by Sauk and Columbia counties

against plaintiff's family in an effort to harass and intimidate plaintiff's son, a witness in the case currently before this court.

Granting preliminary injunctive relief "is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." Roland Mach. Co. v. Dresser Indus., 749 F.2d 380, 389 (7th Cir. 1984). A district court must consider four factors in deciding whether a preliminary injunction should be granted: (1) whether the plaintiff has a reasonable likelihood of success on the merits; (2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; (3) whether the threatened injury to the plaintiff outweighs the threatened harm an injunction may inflict on defendant; and (4) whether the granting of a preliminary injunction will disserve the public interest. Pelfresne v. Village of Williams Bay, 865 F.2d 877, 882–83 (7th Cir. 1989).

Plaintiff's motion and supporting affidavit fall far short of meeting this demanding standard. He alleges a conspiracy between Columbia and Sauk counties but does not explain how his son's criminal proceedings are connected in any way to such a conspiracy. He does not show how his interests in this lawsuit will be harmed by the criminal proceedings in state court. To the extent that plaintiff believes that his son's constitutional rights have been violated, those claims will have to be raised in the state court proceedings themselves or in a separate civil lawsuit. And, unless plaintiff's son is a minor, such a suit would have to be brought by plaintiff's son.

ORDER

IT IS ORDERED that plaintiff Lester John Sundsmo's motion for a temporary restraining order, dkt. #3, is DENIED.

Entered this 8th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge