IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LESTER JOHN SUNDSMO,

                                          ORDER

                      Plaintiff,

                                      13-cv-682-bbc

      v.

DANIEL GARRIGAN, a.k.a. d.b.a. DANIEL
GARRIGAN and all Marital Relations,

     And

DENNIS RICHARDS,[1] a.k.a. d.b.a. DENNIS
RICHARDS and all Marital Relations,

     And

JOHN F. ACCARDO, a.k.a. d.b.a. JOHN F.
ACCARDO and all Marital Relations,
d.b.a. WISCONSIN DEPARTMENT OF
JUSTICE DIVISION OF CRIMINAL
INVESTIGATION,

ALAN J. WHITE a.k.a. d.b.a. ALAN
J. WHITE and all Marital Relations,

     And

GARY FREYBERG a.k.a. d.b.a. GARY
FREYBERG  and all Marital Relations,

     And

---

[1] The court's October 8, 2013 order denying plaintiff's motion for temporary restraining order misstated defendant Dennis Richards as "Dennis Garrigan" in the caption. The caption has been amended to rectify this error.

1

ROY R. KORTE a.k.a. d.b.a. ROY R.
KORTE and all Marital Relations,
d.b.a. ASSISTANT ATTORNEY GENERAL
STATE OF WISCONSIN

    And

JOHN DOES #1, #2, #3, #4,#5
and all Marital Relations,

    And

JOHN DOES/JANE DOES etc., #6-200?,
et al. and all Marital Relations,

    And

COUNTY OF COLUMBIA
COMMISSIONERS
and all Marital Relations.
a.k.a. d.b.a. COUNTY OF COLUMBIA
INC. In their individual capacity
d.b.a. Carl C. Fredrick Administration Bld.,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff Lester John Sundsmo brings this action against various state of Wisconsin law enforcement and judicial officials. As I stated in an October 8, 2013 order denying plaintiff's motion for temporary restraining order, although the complaint "is difficult to decipher, I understand him to be bringing claims for the taking of real estate without proper compensation, retaliation against him for refusing to relinquish his property, illegal search, false arrest and malicious prosecution." Dkt. #7.

    In response to the complaint, defendants Daniel Garrigan, Dennis Richards and

County of Columbia Commissioners have filed a motion for more definite statement under Federal Rule of Civil Procedure 12(e), which states in relevant part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Plaintiff's complaint is more than 40 pages long, consisting of rambling sentences broken up into multiple "numbered paragraphs" per sentence in a fashion that makes it almost impossible to properly answer. A representative sample of plaintiff's allegations is as follows:

> 37. On or about 14 March 2007, Petitioner, and His Wife, were traveling near their property early in the morning,
>
> 38. When they came up on a group of 6 (six) armed Privateers,
>
> 39. in disguise as Sheriff's Deputies,
>
> 40. operating outside their delegated Authority,
>
> 41. and statutory Duties, and
>
> 42. the Privateers had the road blocked.

Dkt. #1, at 11.

Plaintiff has responded by filing a motion to strike defendants' motion for more definite statement. As far as I can tell, plaintiff is arguing that defendants' motion is improper because it was not preceded by their answer, and asks for all of his allegations to be deemed admitted. However, this is a misreading of Rule 12; the very purpose of a motion for more definite statement in this context is to provide defendants a more intelligible complaint *before* filing an answer. In short, the rules allow defendants to file such a motion before filing their answer, so I will deny plaintiff's motion to strike.

Turning to the merits of defendants' motion, I agree with them that the complaint cannot be answered properly in its present form. Federal Rule of Civil Procedure 8(d) requires pleadings to be "simple, concise, and direct," and plaintiff's allegations do not meet this standard. Accordingly, I will grant defendants' motion and direct plaintiff to file an amended complaint.

Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims?
- What actions did each defendant take that violated plaintiff's rights?
- What rights does plaintiff believe were violated?
- What relief does plaintiff want the court to provide?

Plaintiff should identify clearly the facts that form the basis for his claims against defendants and should set forth his allegations in separate, numbered paragraphs using short and plain statements. Individual sentences should be contained in single paragraphs, not spread out over multiple paragraphs. Plaintiff should also explain which defendant is responsible for each action he believes violated his rights; he should not refer to "defendants" as a whole for actions that they could not have possibly jointly undertaken. Finally, the complaint need not contain long recitations of legal theory; plaintiff may explain how it is that he believes defendants have violated his rights, but the more important task for him is to tell a coherent story that will allow defendants to understand what plaintiff thinks they did to violate his rights.

Plaintiff may have until March 18, 2014 to submit an amended complaint. If plaintiff fails to submit an amended complaint by March 18, I will direct the clerk of court to enter judgment in favor of defendants and close the case.

ORDER

IT IS ORDERED that

1. The motion for a more definite statement filed by defendants Daniel Garrigan, Dennis Richards and County of Columbia Commissioners dkt. #13, is GRANTED. Plaintiff Lester John Sundsmo may have until March 18, 2014 to file an amended complaint that complies with Fed. R. Civ. P. 8.

2. Plaintiff's motion to strike defendants' motion for more definite statement, dkt. #18, is DENIED.

Entered this 4th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge