IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LESTER JOHN SUNDSMO,

               Plaintiff,

    v.

DANIEL GARRIGAN, a.k.a. d.b.a. DANIEL
GARRIGAN and all Marital Relations,

    And

DENNIS RICHARDS, a.k.a. d.b.a. DENNIS
RICHARDS and all Marital Relations,

    And

JOHN F. ACCARDO, a.k.a. d.b.a. JOHN F.
ACCARDO and all Marital Relations,
d.b.a. WISCONSIN DEPARTMENT OF
JUSTICE DIVISION OF CRIMINAL
INVESTIGATION,

ALAN J. WHITE a.k.a. d.b.a. ALAN
J. WHITE and all Marital Relations,

    And

GARY FREYBERG a.k.a. d.b.a. GARY
FREYBERG and all Marital Relations,

    And

ROY R. KORTE a.k.a. d.b.a. ROY R.
KORTE and all Marital Relations,
d.b.a. ASSISTANT ATTORNEY GENERAL
STATE OF WISCONSIN,

    And

JOHN DOES #1, #2, #3, #4,#5
and all Marital Relations,

ORDER

13-cv-682-jdp[1]

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 37.

And

JOHN DOES/JANE DOES etc., #6-200?,
et al. and all Marital Relations,

And

COUNTY OF COLUMBIA
COMMISSIONERS
and all Marital Relations.
a.k.a. d.b.a. COUNTY OF COLUMBIA
INC. In their individual capacity
d.b.a. Carl C. Fredrick Administration Bld.,

Defendants.

---

Plaintiff Lester John Sundsmo brings this action against various Columbia County and state of Wisconsin officials. The threshold issue is whether plaintiff's complaint is understandable enough to give defendants fair notice of the claims against them. In an October 8, 2013 order, the court noted that although plaintiff's original complaint was "difficult to decipher, [the court understood] him to be bringing claims for the taking of real estate without proper compensation, retaliation against him for refusing to relinquish his property, illegal search, false arrest and malicious prosecution." Dkt. 7. On March 6, 2014, the court granted defendants Daniel Garrigan, Dennis Richards, and Columbia County Commissioners' motion for a more definite statement, stating as follows:

> Plaintiff's complaint is more than 40 pages long, consisting of rambling sentences broken up into multiple "numbered paragraphs" per sentence in a fashion that makes it almost impossible to properly answer. A representative sample of plaintiff's allegations is as follows:
>
>> 37. On or about 14 March 2007, Petitioner, and His Wife, were traveling near their property early in the morning,
>>
>> 38. When they came up on a group of 6 (six) armed Privateers,
>>
>> 39. in disguise as Sheriff's Deputies,

2

      40. operating outside their delegated Authority,

      41. and statutory Duties, and

      42. the Privateers had the road blocked.

Dkt. #1, at 11.

\* \* \*

      Turning to the merits of defendants' motion, I agree with them that the complaint cannot be answered properly in its present form. Federal Rule of Civil Procedure 8(d) requires pleadings to be "simple, concise, and direct," and plaintiff's allegations do not meet this standard. Accordingly, I will grant defendants' motion and direct plaintiff to file an amended complaint.

Dkt. 27, at 3-4.

Plaintiff responded to the March 6 order by filing an amended complaint, albeit one that is, at best, barely more understandable than the original complaint. He has not fixed most of the problems present in his original complaint—for instance, he does not combine the allegations quoted above in lines 37-42 of his original complaint into a single numbered allegation.

Defendants Garrigan, Richards, and Columbia County Commissioners (whom I will refer to as the "county defendants") have responded to the amended complaint with a motion to dismiss the case for plaintiff's failure to produce an understandable complaint. In addition, plaintiff has filed a motion he titles as one under Federal Rule of Civil Procedure Rule 64 to "sequester" defendants' assets based on plaintiff's fear that they will waste or deplete those assets. The remaining defendants, all state of Wisconsin employees, have filed a motion to stay the proceedings pending resolution of the county defendants' motion to dismiss or their own forthcoming motion for judgment on the pleadings.[2] After addressing each of these motions in

---

[2] The state defendants have filed answers to both of plaintiff's complaints, which might suggest that they do not see plaintiff's complaints as impenetrable as the court or county defendants do. On the other hand, these answers provide blanket denials of *all* of plaintiff's allegations rather than individual assessments of the hundreds of numbered allegations, presumably *some* of which

3

turn below, I will deny the motion to dismiss the case and will instead give plaintiff a final opportunity to submit an understandable complaint. Also, I will deny plaintiff's motion to sequester defendants' assets and grant the state defendants' motion to stay the proceedings pending resolution of the issues regarding the complaint as well as the immunity issues the state defendants plan to raise.

First, I will construe plaintiff's "Rule 64" motion as a motion for preliminary injunctive relief and deny it because plaintiff fails to show a compelling reason for the court to take any action regarding the alleged danger that defendants will waste their assets. In particular, plaintiff's motion fails to conform to this court's procedure for filing motions for injunctive relief, under which a party seeking such relief must submit proposed findings of fact and supporting evidence explaining why injunctive relief is appropriate. Even aside from these problems, the court *does not* encourage plaintiff to retry filing this type of motion; as I will explain in more detail below, his most important task at this point is to amend his complaint to make it understandable and answerable.

The county defendants have moved to dismiss the case for plaintiff's failure to submit a complaint that complies with Federal Rule of Civil Procedure 8. As stated above, plaintiff's amended complaint is barely more understandable than his original complaint. He failed to follow the court's instruction to place individual sentences into single, numbered allegations rather than spreading out the clauses among several numbered allegations. Rather than cutting through the clutter of his original allegations to describe in simple sentences how each of the

---

contain facts that are either true or of which defendants do not have knowledge. In addition, their motion to stay the proceedings seems to assume that the court might, in granting the county defendants' motion to dismiss, dismiss the entire case rather than just the claims against the county defendants. Accordingly, I do not understand the state defendants to be taking the position that plaintiff's amended complaint contains "a short and plain statement of the claim[s]" under Federal Rule of Civil Procedure 8.

defendants harmed him, plaintiff has added several pages of perceived wrongdoing by the state that appears to be only somewhat related to the actual allegations regarding the named defendants' actions. These additions ground plaintiff's complaint even further in long-discredited "sovereign citizen" theories of federal, state, and local government illegitimacy. *See, e.g., United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (argument that individual is sovereign citizen of state who is not subject to jurisdiction of United States and not subject to federal taxing authority is "shopworn" and frivolous). Even assuming that, as stated above, plaintiff means to bring claims regarding the taking of real estate without proper compensation, retaliation, illegal search, false arrest, and malicious prosecution, plaintiff's focus on frivolous theories of law and the accompanying characterization of defendants as "privateers," "mercenaries," or "criminal street gangs" obscures the factual allegations he is making in support of those claims. Just as with plaintiff's original complaint, his amended complaint is not "simple, concise, and direct" as required by Federal Rule of Civil Procedure 8(d).

However, given plaintiff's pro se status, I am reluctant to dismiss the case in its entirety without giving plaintiff a final chance to amend his complaint so that it is understandable. Accordingly, I will deny the county defendants' motion to dismiss the case and instead give plaintiff a short time to submit a second amended complaint. Plaintiff should make sure to follow these guidelines:

- Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. Individual sentences should be contained in single paragraphs, not spread out over multiple paragraphs. This includes clauses separated by commas; plaintiff should merge them into single allegations.

- This court will not entertain claims that the government has *no* authority over citizens like plaintiff, so he should remove any portion of the complaint relying on "sovereign citizen" theories of the government's authority (or lack thereof) to arrest, detain, or try individuals, or to confiscate property. Instead, plaintiff should focus on his allegations that defendants have *overstepped* their authority by violating his rights under the Constitution or statutory law.

- Similarly, plaintiff should remove descriptions of government employees or units as "enterprise/corporation TRUST agencies," "privateers," "mercenaries," or "criminal street gangs," and instead refer to defendants by name and job title.

- Plaintiff should remove the 90 numbered statements, running from pages 3-14 of his amended complaint, detailing the various ways that he believes the state of Wisconsin routinely violates the law. These statements are irrelevant to the lawsuit; what is relevant are the specific actions taken by defendants to harm plaintiff.

If the second amended complaint does not improve on his previous attempts, defendants are free to file new motions to dismiss. If I agree with defendants, or if plaintiff fails to file a second amended complaint by the deadline below, I will dismiss the entire case for plaintiff's failure to properly state a claim upon which relief may be granted.

Finally, with regard to the state defendants' motion to stay the proceedings, I understand them to be arguing that plaintiff should not be able to undertake discovery or otherwise force defendants to respond to his filings (1) until the present motion to dismiss is resolved; and (2) pending resolution of immunity issues raised by the state defendants in their answers. I conclude that such a stay is appropriate, not only because a stay is generally appropriate where issues like absolute or qualified immunity might be dispositive of the case, *see, e.g., Saucier v. Katz*, 533 U.S. 194, 200-01 (2001), but also because of the obvious threshold issues regarding the sufficiency of plaintiff's complaint that must be resolved, as well as plaintiff's propensity to file frivolous documents objecting to the form of defendants' filings.[3] For now, the only documents plaintiff should file in this case are his second amended complaint and opposition briefing concerning any motion to dismiss filed by defendants. Should plaintiff's second

---

[3] Plaintiff objects to the court and counsel for the county defendants referring to him as "Lester John Sundsmo" instead of "Lester John; Sundsmo," Dkt. 40 & 41, and to defendants' counsel signing documents on behalf of their clients, Dkt. 41 & 44. None of these objections have any merit. In particular, plaintiff's statement that his name (as articulated by the court or defendants) is "fictitious" or a "business name, an in rem, TRUST" seems to be grounded in frivolous "sovereign citizen" theories of a person's identity.

6

amended complaint survive defendants' motions to dismiss, plaintiff will be allowed to conduct discovery and the case will proceed as previously scheduled.

ORDER

IT IS ORDERED that:

1) Plaintiff Lester John Sundsmo's motion to "sequester" defendants' assets, Dkt. 42, is DENIED.

2) The county defendants' motion to dismiss the case, Dkt. 30, is DENIED.

3) Plaintiff Lester John Sundsmo may have until October 23, 2014 to file an amended complaint that complies with Fed. R. Civ. P. 8.

4) The state of Wisconsin defendants' motion to stay proceedings pending resolution of issues relating to sufficiency of the complaint and immunity, Dkt. 43, is GRANTED.

Entered this 9th day of October, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge