IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LESTER JOHN SUNDSMO,

                Plaintiff,

  v.

DANIEL GARRIGAN, a.k.a. d.b.a. DANIEL
GARRIGAN and all Marital Relations,

      And

DENNIS RICHARDS, a.k.a. d.b.a. DENNIS
RICHARDS and all Marital Relations,

      And

JOHN F. ACCARDO, a.k.a. d.b.a. JOHN F.
ACCARDO and all Marital Relations,
d.b.a. WISCONSIN DEPARTMENT OF
JUSTICE DIVISION OF CRIMINAL
INVESTIGATION,

ALAN J. WHITE a.k.a. d.b.a. ALAN
J. WHITE and all Marital Relations,

      And

GARY FREYBERG a.k.a. d.b.a. GARY
FREYBERG and all Marital Relations,

      And

ROY R. KORTE a.k.a. d.b.a. ROY R.
KORTE and all Marital Relations,
d.b.a. ASSISTANT ATTORNEY GENERAL
STATE OF WISCONSIN,

      And

JOHN DOES #1, #2, #3, #4,#5
and all Marital Relations,

      And

OPINION & ORDER

13-cv-682-jdp

JOHN DOES/JANE DOES etc., #6-200?,
et al. and all Marital Relations,

    And

COUNTY OF COLUMBIA
COMMISSIONERS
and all Marital Relations.
a.k.a. d.b.a.  COUNTY OF COLUMBIA
INC.  In their individual capacity
d.b.a. Carl C. Fredrick Administration Bld.,

    Defendants.

.

Plaintiff Lester John Sundsmo brings this action against various Columbia County and state of Wisconsin officials. The threshold issue is whether plaintiff's complaint is understandable enough to give defendants fair notice of the claims against them. The court "understand[s] him to be bringing claims for the taking of real estate without proper compensation, retaliation against him for refusing to relinquish his property, illegal search, false arrest and malicious prosecution." Dkt. 7, at 2. On March 6, 2014, the court granted defendants Daniel Garrigan, Dennis Richards, and Columbia County Commissioners' motion for a more definite statement, stating as follows:

> Plaintiff's complaint is more than 40 pages long, consisting of rambling sentences broken up into multiple "numbered paragraphs" per sentence in a fashion that makes it almost impossible to properly answer. A representative sample of plaintiff's allegations is as follows:
>
> > 37. On or about 14 March 2007, Petitioner, and His Wife, were traveling near their property early in the morning,
> >
> > 38. When they came up on a group of 6 (six) armed Privateers,
> >
> > 39. in disguise as Sheriff's Deputies,
> >
> > 40. operating outside their delegated Authority,
> >
> > 41. and statutory Duties, and

> 42. the Privateers had the road blocked.
>
> Dkt. #1, at 11.
>
> * * *
>
> Turning to the merits of defendants' motion, I agree with them that the complaint cannot be answered properly in its present form. Federal Rule of Civil Procedure 8(d) requires pleadings to be "simple, concise, and direct," and plaintiff's allegations do not meet this standard. Accordingly, I will grant defendants' motion and direct plaintiff to file an amended complaint.

Dkt. 27, at 3-4.

Plaintiff responded to the March 6 order by filing an amended complaint, one that I described in an October 14, 2014 order as "at best, barely more understandable than the original complaint." Dkt. 46, at 3. I stated further:

> [Plaintiff] failed to follow the court's instruction to place individual sentences into single, numbered allegations rather than spreading out the clauses among several numbered allegations. Rather than cutting through the clutter of his original allegations to describe in simple sentences how each of the defendants harmed him, plaintiff has added several pages of perceived wrongdoing by the state that appears to be only somewhat related to the actual allegations regarding the named defendants' actions. These additions ground plaintiff's complaint even further in long-discredited "sovereign citizen" theories of federal, state, and local government illegitimacy. *See, e.g.*, *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (argument that individual is sovereign citizen of state who is not subject to jurisdiction of United States and not subject to federal taxing authority is "shopworn" and frivolous). Even assuming that, as stated above, plaintiff means to bring claims regarding the taking of real estate without proper compensation, retaliation, illegal search, false arrest, and malicious prosecution, plaintiff's focus on frivolous theories of law and the accompanying characterization of defendants as "privateers," "mercenaries," or "criminal street gangs" obscures the factual allegations he is making in support of those claims. Just as with plaintiff's original complaint, his amended complaint is not "simple, concise, and direct" as required by Federal Rule of Civil Procedure 8(d).

Dkt. 46, at 4-5. I dismissed the amended complaint to give plaintiff a final chance to amend his complaint to provide understandable allegations that are "simple, concise, and direct" as required by Federal Rule of Civil Procedure 8(d).

Rather than submit a new amended complaint by the October 23, 2014 deadline set by this court, plaintiff submitted a document titled "Objection(s) to; Order" and a motion for my recusal. Later, plaintiff followed with another motion for my recusal, a motion for leave to submit an untimely second amended complaint, and a proposed new complaint. Defendants have motions to strike the amended complaint and dismiss the case. After considering these submissions, I conclude that there is no reason for my recusal and that the case should be dismissed for plaintiff's failure to adequately state a claim upon which relief may be granted.

A.   Recusal

I will first address the motion for my recusal. Two statutes exist for disqualifying a federal judge in a particular case. *See* 28 U.S.C. §§ 144 and 455. Section 144 requires a federal judge to recuse himself for "personal bias or prejudice." Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party." Because the phrase "personal bias or prejudice" found in § 144 mirrors the language of § 455(b), they may be considered together. *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Recusal "is required only if actual bias or prejudice is proved by compelling evidence." *Id*. To determine whether a judge's impartiality could reasonably be questioned, the court uses "'the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.'" *In re Sherwin-Williams Co.*, 607 F.3d 474, 477 (7th Cir. 2010) (quoting *Cheney v. U.S. Dist. Court*, 541 U.S. 913, 924 (2004) (Scalia, J., in chambers)). "'A trial judge has as much obligation not to recuse himself when there is not occasion for him to do so . . . as there is for him to do so when the converse prevails.'" *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717 (7th Cir. 2004) (quoting *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972)).

4

I will deny plaintiff's motion because he fails to show any reasonable ground for my recusal. First, plaintiff seems to object to my assignment to the case. Plaintiff argues, "This goes back to [his complaint] at Number 63., page 11 of 48," Dkt. 48, at 3, in which plaintiff alleges that the state of Wisconsin "[a]llows the court system to not have a blind draw for judges on a case," Dkt. 28 at 11. Besides the fact that this court is part of the federal judiciary and is not an arm of the state of Wisconsin, plaintiff argument about judicial assignment has no merit. I am unaware of any precedent suggesting that non-random assignment of cases to judges violates litigants' rights, but even if one could imagine a scenario in which cases were assigned to particular judges in a way that raised question about a judge's impartiality, that is not the case here. I was assigned this case as part of a May 16, 2014 order assigning over 200 pending cases to me following my appointment to this court, Dkt. 37, which is a perfectly reasonable way to provide a new judge with a caseload. No reasonable observer would perceive any bias from this procedure.

Plaintiff also argues that I am biased against him because I ordered that he needed to amend his complaint, while "none of the prior Judges [assigned to this case] found faults [in the complaint] they demanded be removed." Dkt. 48, at 3. But this is incorrect: Judge Barbara Crabb issued the March 6, 2014 order granting defendants' motion for a more definite statement and directing plaintiff to file an amended complaint.

Even if I were the only judge who had ruled against plaintiff in this case, plaintiff's arguments amount to nothing more than his displeasure with my rulings against him. Plaintiff argues that I am "trying to Intimidate, coerce, and threaten Petitioner . . . to remove, alter and thereby destroy the character of Petitioner's Complaint." *Id*. Plaintiff is correct that I have ordered him to amend his complaint, but no reasonable, informed observer would perceive this as improper intimidation or coercion. It is my duty to ensure that the parties' pleadings comply

5

with Federal Rule of Civil Procedure 8, and I have concluded that plaintiff's complaints in this action do not. Plaintiff cannot seek my recusal based on these unfavorable rulings. *See, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion); *United States v. Slaughter*, 900 F.2d 1119, 1126 n.5 (7th Cir. 1990) (bias and prejudice must be personal, not based on particular judicial proceeding).

In his second motion for my recusal, the sole argument plaintiff raises is that I have not ruled on his son's motion for preliminary injunctive relief in case no. 15-cv-2-jdp. As will be explained in further detail in an order in that case, that motion is meritless in its own right. But in any case, plaintiff does not explain how my actions in this unrelated case show bias toward plaintiff in this one.

Finally, I will also address another possible issue regarding recusal: plaintiff names me as a defendant in his March 25, 2015 proposed second amended complaint, in which plaintiff attempts to tie together both the present case and his son's case, no. 15-cv-2-jdp, under the Racketeer Influenced and Corrupt Organizations Act (RICO). As discussed further below, this attempt at amending the complaint is frivolous and nothing in the proposed second amended complaint would lead a reasonable, informed observer to think that I am biased against plaintiff or that plaintiff has any viable claims against me in this lawsuit. Accordingly, I will not recuse myself. *See In re Specht*, 622 F.3d 697, 700 (7th Cir. 2010) (courts are not forced to succumb to "easy manipulation" of recusal rules by mandating that judge step aside when plaintiff names judge as defendant).

B.   **Dismissal of the complaint**

This leaves plaintiff's objections to the October 14, 2014 order, motion for entry of default, and proposed second amended complaint, and defendants' motion to strike the new

6

complaint and dismiss the case with prejudice. All of these filings are related to the current posture of the case: my October 14, 2014 order directed plaintiff to submit a second amended complaint containing simple, concise, and direct allegations capable of being properly answered by defendants. Instead of filing a proposed amended complaint by the October 23, 2014 deadline given in that order, plaintiff filed a document containing series of objections to the order that I will construe as a motion for reconsideration. However, I will deny that motion because plaintiff fails to show that my rulings were incorrect.

A couple of plaintiff's objections are based on "sovereign citizen" type arguments about the precise way his name is presented in the opinion and supposed legal consequences for incorrectly presenting his name. These arguments are frivolous and need not be discussed further.

Plaintiff also objects to the fact that I signed the court order docketed as Dkt. 46 on October 9, 2014, but it was not entered on the docket until October 14, 2014. While the court strives to enter orders on to the docket as quickly as possible after they are signed, plaintiff was not prejudiced in any way by this delay.

Plaintiff also argues that I was incorrect in stating in the October 14, 2014 order that the state defendants had filed answers to both his original and amended complaints. More specifically, I stated as follows:

> The state defendants have filed answers to both of plaintiff's complaints, which might suggest that they do not see plaintiff's complaints as impenetrable as the court or county defendants do. On the other hand, these answers provide blanket denials of *all* of plaintiff's allegations rather than individual assessments of the hundreds of numbered allegations, presumably *some* of which contain facts that are either true or of which defendants do not have knowledge. In addition, their motion to stay the proceedings seems to assume that the court might, in granting the county defendants' motion to dismiss, dismiss the entire case rather than just the claims against the county defendants. Accordingly, I do not understand the state defendants to be taking the position that plaintiff's amended

7

complaint contains "a short and plain statement of the claim[s]" under Federal Rule of Civil Procedure 8.

Dkt. 46 at 3-4 n.2 (emphasis in original).

This seems to be connected to plaintiff's motion for entry of default, in that plaintiff appears to believe that defendants have failed to properly answer his complaints. I reject this idea. Although defendants County of Columbia Commissioners, Daniel Garrigan, and Dennis Richards have not answered plaintiff's complaints, they have properly responded by filing motions to dismiss in lieu of an answer. As for the state defendants, I would not consider their answers to be fully "proper," but the fault lies with plaintiff for submitting complaints that are impossible to answer properly without placing an undue burden on the answering party.

Plaintiff's position seems to be that the state defendants' answers should be considered void because defendants' attorneys signed the filings instead of defendants themselves. *See* Dkt. 47, at 4, Dkt. 50, at 3. Plaintiff believes that the attorneys cannot sign these documents because they do not have firsthand knowledge of the events central to the case. *Id*. This argument is also frivolous. It is standard operating procedure in our court system for attorneys representing parties to submit pleadings on their behalf; an answer is not *evidence* that would require the signature of the person recounting the events. Plaintiff's motion for entry of default will be denied.

The remainder of plaintiff's objections are substantive arguments disagreeing with my conclusions that plaintiff's amended complaint was extremely difficult to understand and contained large sections of frivolous "sovereign citizen" theories and irrelevant statements concerning various ways that he believes the state of Wisconsin routinely violates the law that are not tied to specific instances of misconduct in the complaint. None of plaintiff's objections persuade me that I was incorrect in dismissing his amended complaint. "'[L]ength may make a

complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."). Plaintiff's complaint is rendered unintelligible by breaking up the individual sentences of his allegations into over 150 numbered paragraphs, failing to identify the actions taken by each of the 200 defendants named in the complaint, and larding the complaint with pages of frivolous legal theory. Therefore, I will deny plaintiff's motion for reconsideration of the October 14, 2014 order.

The denial of plaintiff's motion for reconsideration, coupled with plaintiff's failure to submit an amended complaint by October 23, 2014, would be sufficient grounds to dismiss the case in its entirety, with prejudice. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("Having been given that chance [to submit an amended complaint] and having failed to take it, the plaintiff should in each of the three cases have been shut down, his suit dismissed for failure to state a claim; for in each case all the judge was left with was a complaint that, being irremediably unintelligible, gave rise to an inference that the plaintiff could not state a claim."). However, on March 25, 2015, plaintiff submitted a motion for leave to amend his complaint along with a proposed second amended complaint. Even assuming that I would allow plaintiff to rectify the problems with his first amended complaint in such an untimely fashion, plaintiff's new amended complaint is even more unwieldy than his previous efforts.

The proposed complaint does not provide a streamlined version of his original allegations. Instead, plaintiff incorporates by reference his previous complaint and now attempts to tie together both the present case and his son's case, no. 15-cv-2-jdp, with RICO claims

against both the existing defendants and newly named defendants including me, Magistrate Judge Stephen Crocker, various county officials, the lawyers appearing for the opposing parties in his and his son's cases, and the jurors from plaintiff's son's recent state criminal case. Plaintiff's new allegations fall far short of stating plausible RICO claims against his alleged wide ranging conspiracy among county, state, and federal officials, as well as civilians doing their civil duty to serve on a jury. In particular, his claims against Magistrate Judge Crocker and I appear to be based on nothing more that plaintiff's frustration in being unable to proceed with this lawsuit or an effort to force our recusals. In any event, the new complaint only adds to the unintelligibility of his original allegations that I have already concluded are too convoluted to comply with Federal Rule of Civil Procedure 8. Therefore I will deny plaintiff's motion for leave to amend his complaint.[1] Plaintiff's ultimate failure to comply with my October 14, 2014 order means that the case must be dismissed with prejudice for plaintiff's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Lester John Sundsmo's motion for reconsideration of the court's October 14, 2014 decision, Dkt. 47, is DENIED.

2. Plaintiff's motions for my recusal, Dkt. 48, 57, are DENIED.

3. Plaintiff's motion for entry of default, Dkt. 50, is DENIED.

4. Plaintiff's motion for leave to submit an untimely second amended complaint, Dkt. 58, is DENIED.

---

[1] Because the proposed amended complaint will not be adopted as the operative pleading in this case, none of the new defendants named in that complaint are parties in this case. At least one defendant newly named in the amended complaint has been served with the complaint and has filed a motion to dismiss. That motion, Dkt. 63, will be denied as moot. Any summonses issued to the newly named defendants are quashed.

5. This case is DISMISSED with prejudice for plaintiff's failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment for defendants and close this case.

6. Defendants' motion to strike the second amended complaint, Dkt. 65, and to dismiss the case, Dkt. 52, are DENIED as moot.

7. The motion to dismiss filed by Sergei Smirenski, a defendant newly named in plaintiff's proposed amended complaint, Dkt. 63, is DENIED as moot.

8. Any summonses issued to the newly named defendants in plaintiff's proposed amended complaint are QUASHED. None of these parties are required to file a response to the complaint.

Entered April 15, 2015.

        BY THE COURT:
        /s/

        JAMES D. PETERSON
        District Judge